# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-18-468 |
| | * | |
| **JANET STURMER,** | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Janet Sturmer is currently detained at the Central Treatment Facility ("CTF") pending sentencing after she pleaded guilty to conspiracy to commit mail and wire fraud and aggravated identity theft. Pending before the Court is Ms. Sturmer's Emergency Motion for Review of Detention Order Due to Sixth Confirmed COVID-19 Case at CTF. ECF No. 288. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Ms. Sturmer's Emergency Motion is denied.

### I.  BACKGROUND

On September 12, 2018, a grand jury for the District of Maryland returned an Indictment charging Ms. Sturmer with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349; three counts of mail fraud, in violation of 18 U.S.C. § 1343; interstate transportation of stolen property, in violation of 18 U.S.C. § 2314; and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. ECF No. 1. The alleged fraud was multi-jurisdictional with international aspects occurring over the course of a year and a half. ECF No. 287 at 2.[1] On

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

November 2, 2018, Magistrate Judge Gina L. Simms held a detention hearing at which she issued an Order detaining Ms. Sturmer pending trial. ECF Nos. 62, 63. Magistrate Judge Simms concluded that Ms. Sturmer was a flight risk and that the Government proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community. Judge Simms based her ruling on findings that the weight of evidence against Ms. Sturmer was strong, she was subject to a lengthy period of incarceration if convicted, she had prior criminal history including recent theft and fraud convictions and a "virtually uninterrupted pattern of identity fraud," she lacked stable employment, her offense involved the use of aliases or false documents and evidence recovered during a search of her residences demonstrated an ability to quickly assume fraudulent identities, and there were no suitable third-party custodians. ECF No. 63; ECF No. 287 at 2. Ms. Sturmer did not appeal the Order of Detention to this Court at that time.

On February 3, 2020, pursuant to a plea agreement, Ms. Sturmer pleaded guilty to conspiracy to commit mail and wire fraud and aggravated identity theft. ECF Nos. 233, 234. She faces a term of imprisonment of up to twenty years on the conspiracy charge and a consecutive mandatory minimum term of two years on the aggravated identity theft charge. Ms. Sturmer's sentencing hearing is currently scheduled for May 21, 2020.[2] ECF No. 236.

On March 25, 2020, Ms. Sturmer filed a Motion for Reconsideration of Order of Detention, citing the COVID-19 pandemic and her medical history. ECF No. 280. Magistrate Judge Simms denied the Motion for Reconsideration on March 27, 2020. ECF No. 287.

---

[2] The Chief Judge has issued Standing Order 2020-05, which addresses the District of Maryland's response to the current COVID-19 pandemic, for which the Governor of the State of Maryland has declared a state of emergency and the Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of the disease. The Standing Order postpones all court proceedings originally scheduled to take place before April 24, 2020 until further Order of the Court. No orders have yet been issued with regard to proceedings, like Ms. Sturmer's sentencing, that are scheduled to take place after April 24, 2020.

On March 31, 2020, Ms. Sturmer filed the pending Emergency Motion for Review of Detention Order Due to Sixth Confirmed COVID-19 Case at CTF. ECF No. 288. The Government filed a response on April 2, 2020, ECF No. 290, and Ms. Sturmer filed a reply on April 3, 2020, ECF No. 291.

II. **DISCUSSION**

Ms. Sturmer asks the Court to release her to home confinement pending sentencing given the danger posed by the COVID-19 pandemic to individuals who are incarcerated. ECF No. 288. She explains that she has been suffering from respiratory issues for several months and that she now has a suitable third-party custodian in her brother who lives on the Eastern Shore. *Id.* She has also provided the Court with a multitude of sources regarding the nature of the pandemic, including a March 29, 2020 press release from the Fraternal Order of Police/Department of Corrections Labor Committee expressing its concerns about the D.C. Department of Corrections' ("DOC") handling of the pandemic, ECF No. 288-2, the complaint in a case recently filed against DOC by a class of detained individuals in the custody of DOC, ECF No. 288-3, and information regarding the nature of the pandemic at CTF, where Ms. Sturmer is detained.

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic." *United States v. Martin*, No. PWG-19-140-14, ECF No. 209 at 4 (D. Md. Mar. 17, 2020). Virtually every sector of public life has been affected, *see United States v. Williams*, No. PWG-13-544, ECF No. 94 at 3 (D. Md. Mar. 24, 2020), and this is a rapidly evolving event about which the Court is continually learning as much information as possible, *see United States v. Gibson-Bey*, No. RDB-19-563, ECF No. 26 at 3 (D. Md. Mar. 31, 2020). A variety of sources have provided the Court with relevant information, some of which has been conflicting, but the

3

Court has done its best "to get the most accurate picture of conditions 'on the ground,' often consulting with multiple sources, multiple times per day." *Id.*

The Court does not take lightly the seriousness of the pandemic nor does it dispute that it poses a serious risk to the general public, but the Court is still guided by the Bail Reform Act, 18 U.S.C. § 3143, in determining whether to release an individual who has been found guilty of an offense and is awaiting sentencing. Section 3143(a)(1) provides that a person awaiting sentencing "shall" be detained unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* §§ 3143(a)(1), (2)(B). The Court considers a variety of factors in determining whether a defendant poses a danger to the community, including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence … or involves a … controlled substance [or] firearm"; "the weight of the evidence against the person"; "the history and characteristics of the person …"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

Here, Ms. Sturmer has not met her burden under § 3143. First, now that Ms. Sturmer has pleaded guilty to conspiracy to commit mail and wire fraud and aggravated identity theft, there is a presumption in favor of detention. *See* 18 U.S.C. § 3143(a)(1). These are also serious crimes, one of which subjects Ms. Sturmer to a mandatory minimum period of incarceration. In the stipulation of facts attached to her plea agreement, Ms. Sturmer acknowledged that she "and her co-conspirators disguised their participation by using fictious identities, fictious business names, and stolen identities of actual persons" to further their scheme. ECF No. 234-1 at 2. A search of her residence revealed, among other items related to the fraud, a driver's license bearing Ms. Sturmer's picture but the biographical data of one of the victims, counterfeit device making

equipment and a counterfeit passport. ECF No. 234-1 at 2-3. Moreover, she has a criminal history involving theft, fraud, and driving while intoxicated, and she has a demonstrated a pattern of engaging in identity theft and fraud. Finally, although Ms. Sturmer asserts that she now has an appropriate third-party custodian in her brother, a factor that previously weighed against her release, her brother has not yet been vetted by Pre-Trial Services and thus the Court cannot currently make a determination that he is a suitable custodian. Given these factors, the Court has significant concern regarding Ms. Sturmer's ability to use counterfeit documents to flee the jurisdiction or to do further harm to the community through the continuation of her history of theft and fraud. Thus, the Court is unable to find by clear and convincing evidence that she is not likely to flee or that she is not a danger to the community.

It certainly should be noted that Ms. Sturmer's health and the COVID-19 public health emergency are factors that this Court has considered in determining the appropriate resolution to this motion. And the Court certainly has concern for Ms. Sturmer, and for all others both inside and outside of CTF, as we all grapple with COVID-19. Nonetheless, these concerns alone are insufficient to trigger the release of an individual who this Court has determined poses a threat to the safety of the community and is a risk of flight, particularly given proffers by the Government that the correctional and medical staff within DOC are implementing comprehensive precautionary and monitoring practices sufficient to protect detainees from exposure to the COVID-19 virus, *see Martin*, No. PWG-19-140-14, ECF No. 209 at 8, and, additionally, that they are equipped to handle Ms. Sturmer's medical needs should any issues arise. After weighing these considerations, the Court concludes that Ms. Sturmer must remain detained pending sentencing in this case.

## III. CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that Ms. Sturmer's Emergency Motion for Review of Detention Order Due to Sixth Confirmed COVID-19 Case at CTF, ECF No. 288, is **DENIED**.

Date: <u>April     6, 2020</u>                                        __/s/_____
                                                                            GEORGE J. HAZEL
                                                                            United States District Judge